Milton Dee RODGERS, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 7392.

Court of Civil Appeals of Texas.

Texarkana.

May 29, 1962.

Rehearing Denied June 19, 1962.

B. Ray Smith, J. B. Harvill, Leslie Echols, C. V. Flanary, Jr., Paris, for appellant.

Moore & Lipscomb, Paris, for appellee.

CHADICK, Chief Justice.

This is a workman's compensation case. The judgment of the trial court set aside the compensation award made by the Industrial Accident Board and denied the injured workman a recovery from his employer's compensation insurance carrier.

Counsel for the parties in the trial court made this stipulation:

"It is agreed that the wage rate of the plaintiff, Milton Dee Rodgers, applicable to this cause of action, which is a Workmen's Compensation insurance suit, was and is $54.00 weekly."

In answer to special issues the jury found the workman sustained permanent partial incapacity to work as a result of his injury, and that his average weekly wage earning capacity during the existence of such partial incapacity was and would be $60.00 per week. In the trial judge's charge the term "partial incapacity" was defined for the guidance of the jury in answering relevant special issues. The definition given was this:

"The term 'PARTIAL INCAPACITY,' as used herein, means any degree of incapacity to work less than total incapacity; Where an employee, by reason of an injury sustained in the course of his employment, is only able to perform part of the usual tasks of a workman, but, nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or is only able to perform labor of a less remunerative class than he performed prior to his injury whereby he suffers a depreciation or reduction in his earning capacity."

The appellant contends that the mentioned stipulation and jury findings considered together are in material conflict and the trial court erred in not ordering a mistrial.

The identical question presented here, in context with substantially similar factual and procedural circumstances, was decided in Indemnity Company of North America v. Craik, Tex., 346 S.W.2d 830. The precedent of the Craik case must be followed and its principle applied by holding that no conflict exists as explained in the Supreme Court's opinion.

The appellant's points of error are respectfully overruled, and the judgment of the trial court is affirmed.